UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAN A. PHILLIPS,

          Petitioner,

v.

JASON BENNETT,

          Respondent.

CASE NO. 3:23-cv-05133-DGE-BAT

**REPORT AND RECOMMENDATION**

Petitioner Dan A. Phillips is incarcerated at Stafford Creek Correctional Center in Aberdeen, Washington, and seeks 28 U.S.C. § 2254 federal habeas relief from his Kitsap County convictions in case number 12-1-01061-5, for assault in the first degree with a firearm enhancement, unlawful possession of a firearm, criminal solicitation to commit murder in the first degree with a domestic violence designation, and fourth degree assault. Dkt. 5. at 2. Petitioner was sentenced to 693 months in prison on September 23, 2013. *Id.*

Under Habeas Rule 4, a habeas petition should be dismissed if it plainly appears from the petition and attached exhibits the petitioner is not entitled to relief. The Court has reviewed the habeas petition and concludes it is barred by the federal statute of limitations, and that no amendment would cure this barrier. The Court accordingly recommends the habeas petition be **DISMISSED** with prejudice. The Court also recommends denying leave to amend because no

REPORT AND RECOMMENDATION - 1

amendment will cure the untimeliness of the petition. If the recommendation to dismiss is adopted, the Court further recommends denying issuance of a certificate of appealability.

## BACKGROUND

A.  **State Proceedings**

In 2013, Petitioner was convicted in the Kitsap County Superior Court of domestic violence first and fourth degree assault, first degree unlawful possession of a firearm, and two counts of domestic violence criminal solicitation to commit first degree murder. Dkt. 5. Petitioner appealed his conviction raising the following grounds for relief:

> Dan Phillips appeals his convictions for domestic violence first and fourth degree assault, first degree unlawful possession of a firearm, and two counts of domestic violence criminal solicitation to commit first degree murder. Phillips contends that (1). insufficient evidence supported the domestic violence first degree assault conviction, (2) the trial court abused its discretion when it denied his motion to sever the trials on the two solicitation charges from each other and from the assault charges, (3) his trial counsel rendered ineffective assistance by failing to move during trial to sever the solicitation and assault charges and by failing to object to the admission of some evidence, and (4) the trial court violated his right to confront the witnesses against him by limiting cross-examination of one of the State's witnesses.

*State v. Phillips*, 189 Wash. App. 1020 (Div. III, 2015). The Washington Court of Appeals affirmed Petitioner's convictions on August 4, 2015. Petitioner sought review and the Washington Supreme Court denied review on January 6, 2016. *State v. Phillips,* 184 Wn.2d. 1032 (2016).

Petitioner avers in his federal habeas petition that in 2021, he has filed three Washington State Personal Restraint Petitions ("PRPs"). *See* Dkt. 5 at 4-5. The first PRP, Washington Court of Appeals No. 56182-4-II, was filed on filed August 30, 2021. Dkt. 5 at 53. Petitioner claimed there was insufficient evidence to support his convictions because the firearm involved was not

REPORT AND RECOMMENDATION - 2

subjected to forensic examination. The Court of Appeals found Petitioner's conviction became final on February 16, 2016, when the Court issued a mandate affirming Petitioner's judgment. The Court also noted that two earlier PRP's Petitioner had filed were dismissed on August 8, 2017. *Id.* at fn1. The Court found the PRP before it, was filed on August 30, 2021, outside the state statute of limitations. The Court accordingly dismissed the PRP as time-barred, and because Petitioner failed to show a forensic examination of the firearm was "required for a conviction." *Id.* at 54.

Petitioner sought review and the Washington Supreme Court denied review on January 24, 2022. Dkt. 5 at 55. The Washington Supreme Court found Petitioner's PRP was untimely because it was filed more than one year after his judgment and sentence became final, and because the fact no forensic testing had been performed on the firearm used in the offense was not newly discovered evidence as this fact could have been discovered before trial. The Washington Supreme Court also found the lack of forensic testing does not undermine Petitioner's convictions because the firearm belonged to Petitioner and two witnesses stated Petitioner had the firearm in his hands just before it was fired. Further, Petitioner admitted to two fellow jail inmates that he shot the victim. The Court concluded the fact no forensic testing was done on the firearm was thus neither material nor likely to change the outcome of the trial.

Petitioner also filed a PRP on November 16, 2021, in Washington Court of Appeals number 56399. A decision terminating review was issued on March 3, 2022, and the Washington Supreme Court denied review on April 20, 2022, (Dkt 5 at 52) and denied modification of that denial on July 13, 2022. Dkt. 5 at 58. And finally, Petitioner filed a PRP in Washington Court of Appeals number 56122 on September 2, 2021. An order terminating review and decision was issued on October 26, 2021, and review of was denied on May 19, 2022. Dkt. 5 at 50.

REPORT AND RECOMMENDATION - 3

B.    **Present Federal Habeas Petition**

Petitioner raises numerous claims, which he broadly categorizes as substantive due process violations, abuse of discretion, ineffective assistance of counsel, and violations of his constitutional rights during his trial and direct appeal. He asserts he raised each of the claims on direct appeal and in his PRPs. Petitioner also argues the claims he raises in his federal habeas petition are not time-barred for the following reasons:

> July 2022 having exhausted all state's avenues filings receiving cert of finality showing exhausted all avenues. State's action in violation of constitutional laws and state [preventing] a filing challenge of judgment and sentence
>
> A showing of Rule 60 b(2), (3), (4), d(3)
>
> Also Francis rule 91.
> Enclosed certificate of finality #56182-4-II May 5, [2022], #56152-2-II May 19, 2022, 56399-1-II July 13, 2022.
>
> 28 U.S.C.S. § 2254(d)(1), (2)
> furthermore should not be time barred under *Bank v. Dretke*[.]

Dkt. 5 at 16-17.

## DISCUSSION

A.    **Statute of Limitations**

Petitioner seeks federal habeas relief from a state judgement and conviction which has been final for many years. His petition is therefore time-barred and should be dismissed. A Federal habeas corpus petition filed by a person imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). This limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final, either upon the expiration of the time for filing a petition for writ of certiorari with the United

REPORT AND RECOMMENDATION - 4

States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Under Supreme Court Rule 13, a petition for writ of certiorari must be filed within 90 days after entry of judgment. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's 2013 conviction and sentence were affirmed by the Court of Appeals of Washington on August 4, 2015. The Washington Supreme Court denied review on January 6, 2016. Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment became final on April 5, 2016 (January 6, 2016, plus 90 days to seek certiorari), and the one-year federal habeas statute of limitations expired on April 5, 2017.

Petitioner however argues his federal habeas petition is timely. First, he seems to argue his federal habeas petition is timely because it was filed within a year of the time his 2021 Washington State PRPs became final.[1] However, the Washington Court of Appeals specifically found that by the time Petitioner filed the 2021 PRPs, the PRP's were untimely as more than one year had lapsed between the time Petitioner's 2013 convictions had become final and the time, he filed the PRP's in 2021.

The question of when a state conviction becomes final and when the one-year federal habeas statute of limitations is triggered, is a question of federal law. *Summers v. Schriro*, 481 F.3d 710, 714 (9th Cir. 2007) (quoting 28 U.S.C. § 2244(d)) (citation omitted); *see also Clay v. United States*, 537 U.S. 522, 531, (2003) (noting, "finality ... is to be determined by reference to

---

[1] Petitioner indicated his petition was timely under the "Francis Rule 91. Enclosed certificate of finality #56182-4-II, May 5, 22, #56152-2-II, May 19, 2022, 56399-1-11 July 13, 2022." Dkt. 5 at 17.

REPORT AND RECOMMENDATION - 5

a uniform federal rule."). The federal question of when judgment is final is "informed" by looking to state law to determine when direct review in state court has ended. *Schriro*, 481 F.3d at 714. Under RCW 10.73.090(1), "no petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment because final if the judgment and sentence is valid on its face and rendered by a court of competent jurisdiction." The statute further states:

> For the purposes of this section, a judgment becomes final on the last day of the following dates: (a) the date it is filed with the clerk of the trial court; (b) the date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or (c) the date the United States Supreme Court denied a timely petition for certiorari to review a decision affirming the conviction on direct appeal. A motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

RCW 10.73.090(2).

Here, the Washington Court of Appeals and the Washington Supreme Court both found the 2021 PRP's that Petitioner filed were barred by the statute of limitations set forth in RCW 10.73.090(1, and that the PRP's did not present claims based upon newly discovered evidence that would exempt the PRP's from the one-year statute of limitations.

Petitioner's argument thus fails. Here, under state law, Petitioner's PRP's were untimely when filed in 2021 because more than one year had passed since judgment became final. The lapse of that one year, also renders the federal habeas petition filed here similarly untimely. The Court notes that after the final judgment and conviction in Petitioner's criminal case was entered in 2013, the state court never, thereafter, entered a new judgment that would affect the date the state court judgment in this case became final. Seeking untimely PRP relief under state law does not affect when a Washington state judgment becomes final because it is an event limited solely to whether an otherwise untimely PRP may be brought to challenge a final state judgment; thus,

REPORT AND RECOMMENDATION - 6

this event has no impact on finality of the state court judgment for purposes of when the federal habeas statute of limitations starts. This is clear from the language of RCW 10.73.090 which indicates that the 2013 state judgment in this case became final in 2016, when the State Court of Appeals issued the mandate affirming Petitioner's convictions and terminating direct review. The Court accordingly finds the three PRP's filed in 2021 did not reset the finality of Petitioner's 2013 state judgment and that they do not provide a basis to render the federal habeas petition timely.

Petitioner next contends under *Banks v. Dretke*, 540 U.S. 668 (2004), his federal petition is not time-barred. In *Banks*, the Supreme Court considered whether a habeas petitioner was entitled to present evidence in support of a *Brady*[2] claim that was not presented to the state court on post-conviction review. 540 U.S. at 690. The Court concluded the petitioner was not barred from presenting the evidence because he had shown cause for failing to investigate at the state post-conviction stage—namely, the State's misleading representations it had complied with its *Brady* disclosure obligations. *Id.* at 693. Petitioner seems to cite this case to argue the federal habeas petition is not time-barred because of newly discovered evidence presented in the 2021 PRP.

This argument has no bearing on the federal habeas claims Petitioner contends he raised and exhausted in his direct appeal which became final in 2016. Those claims obviously do not rely upon newly discovered evidence because they were raised and litigated on direct appeal. The argument is thus necessarily limited to the claim Petitioner raised in the 2021 PRPs that no forensic testing had been performed on the firearm used in the crime. The Washington Supreme Court noted in its order denying review in the relevant PRP, that the lack of forensic examination

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

REPORT AND RECOMMENDATION - 7

of the firearm involved in some of the convictions was not "newly discovered" evidence because it was evidence Petitioner could have discovered before trial. This is quite evident because Petitioner obtained information about the lack of forensic testing on the firearm used in the crime through a public records request, Dkt. 5 at 56, and thus this information could have been obtained before trial or within the time limited for filing a PRP.

This is therefore not a case in which the prosecution hid favorable evidence from Petitioner, and no amount of diligence would have uncovered the evidence. Rather it is a case in which Petitioner could have, but failed to, obtain information that was available to him about forensic testing in a timely manner.

Moreover, newly discovered evidence is a ground for habeas relief only when it bears on the constitutionality of a petitioner's conviction and would probably produce an acquittal. *Spivey v. Rocha*, 194 F.3d 971, 979 (9th Cir. 1999). "The mere existence of newly discovered evidence relevant to guilt is not grounds for federal habeas relief—more is needed." *Jeffires v. Blodgett*, 5 F.3d 1180, 1187 (9th Cir. 1993) citing *Townsend v. Sain*, 372 U.S. 293, 317 (1963); *Gordon v. Duran*, 895 F.2d 610, 614 (9th Cir.1990). In *Jeffries* the Court of Appeals in addressing whether an evidentiary hearing should have held stated petitioner "must show the newly discovered evidence would probably have resulted in his acquittal." *Jeffries,* at 1187. The Court further stated, "evidence which suggests only that some other individual might have committed the crime rather than showing that the defendant did not commit the crime is insufficient to meet the "probability of acquittal" standard." *Id.*  Similarly, in the context of a *Brady* claim, evidence is material only when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Turner v. U.S.*, 137 S. Ct. 1885, 1893 (2017)

REPORT AND RECOMMENDATION - 8

Here, the Washington Supreme Court found the lack of forensic testing on the firearm was immaterial to whether Petitioner committed the charged crimes or to the outcome of the case. The Washington Supreme Court noted the firearm was owned by Petitioner. Two witnesses stated Petitioner was holding the firearm just before it was fired, one of the witnesses identified Petitioner as the person who shot her, and Petitioner admitted to two fellow inmates that he shot the victim. Dkt. 1-1 at 55-56. The state court thus found the claim Petitioner raised in the 2021 PRPs that the firearm used in the crime was not subjected to forensic testing was immaterial to the outcome of the case.

In short, the fact forensic testing was not performed on the firearm used in the crime is not newly discovered evidence that tolls the statute of limitations because this information could have been discovered by Petitioner within the limitations period. Further, there is no basis to conclude the lack of forensic testing on the firearm would have had any bearing on Petitioner's conviction given the facts of his case. The Court accordingly rejects Petitioner's argument that the claim about forensic testing raised in the 2021 PRPs somehow renders the present federal habeas petition timely.

Petitioner also raises three additional arguments that have no bearing on the timeliness of his federal habeas petition. Petitioner contends he has exhausted his claims. Dkt. 5 at 16. This simply is a contention that Petitioner presented his federal claims to the state court. However, the contention does not establish that the federal claims are timely brought.

Petitioner also cites Rules 60 b(2), (3), (4), d(3). Dkt. 5 at 17. This rule has no bearing on the timeliness of the federal habeas petition. Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered. However, Rule 60 cannot be used to obtain collateral

REPORT AND RECOMMENDATION - 9

relief in a federal court based upon a challenge to the merits of a state conviction. Such a challenge must be brought by filing a federal habeas petition. *See Jones v. Ryan*, 733 F.3d 825, 833-34 (9th Cir. 2013). Moreover, there is nothing in the language of Rule 60 that alters the federal habeas statute of limitations set forth in 28 U.S.C. § 2244. Additionally, Rule 60(b) contains its own limitations, which Petitioner has not met, such as the requirement that the motion "be made within a reasonable time" and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud). The Court accordingly rejects the argument that Rule 60 renders the present habeas petition timely.

Finally, Petitioner cites to 28 U.S.C.S. § 2254(d)(1),(2). Dkt. 5 at 17. This provision simply states habeas relief shall not be granted unless the state adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The provision has no bearing on the federal habeas statute of limitations and the Court accordingly finds the provision does not render the petition timely.

### B.     Equitable Tolling

Because Petitioner proceeds pro se, and his federal petition is clearly time-barred, the Court also considers whether there are equitable grounds to toll the federal habeas statute of limitations. The federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 494 (2010) (quoting *Pace*

*v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to show "that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

There is no basis to find equitable tolling is justified in this case. Petitioner could have timely sought federal habeas review but failed to do so. His state conviction became final in 2016. He could have filed a federal petition raising the claims he presented in his direct appeal within one year of 2016 but did not. The record indicates he filed two state PRP's which became final on August 8, 2017. Dkt. 5 at 53, fn1. He could have filed a federal habeas petition within a year following the denial of these PRP's but did not. Instead, he waited until 2021 to file three state PRP's. By that time, both the time to file a state PRP and the time to file a federal habeas petition had long lapsed. Thus, there are no equitable grounds to toll the claims that Petitioner raised in his direct appeal, and now raises in this federal habeas petition. There are also no equitable grounds to toll the statute of limitations and allow Petitioner to raise the claim he brought in the 2021 state PRP's, that the firearm used in the crime was not forensically tested. As the Washington Supreme Court found, the lack of forensic testing was not newly discovered evidence. Rather it is evidence that Petitioner could have obtained before trial but did not. Additionally, the Washington Supreme Court found the lack of forensic testing immaterial to the outcome of the Petitioner's convictions. There is nothing showing the lack of testing would exculpate Petitioner and there was ample evidence that Petitioner shot the victim with the firearm. In short, there are no grounds to equitably toll the federal habeas statute of limitations.

The Court accordingly recommends denying the federal habeas petition and dismissing the case with prejudice. Leave to amend should be denied because no amendment could cure the fact that the habeas petition is time barred.

## EVIDENTIARY HEARING

The Supreme Court has held federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "[A]n evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief." *Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013). Moreover, an evidentiary hearing is not warranted when "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). The Ninth Circuit has recognized "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998). Here, because the timeliness of the present petition can be resolved by the reference to the state court record, no evidentiary hearing is necessary and any request for such a hearing should be denied.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court finds that no reasonable jurist would disagree that Petitioner's claims are time-barred. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order, and Petitioner should thus not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections may be filed no later than **March 31, 2023.** The Clerk should note the matter for **March 31, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 17th day of March, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13